UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID STYLES,<br><br>         Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>         Defendants. | Case No.: 14-cv-2229-JAH-WVG<br><br>ORDER GRANTING COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b) |

Before the Court is Counsel's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) filed by attorney Lawrence Rohlfing ("Counsel"), who represented David Styles ("Plaintiff") in this case. [Doc. No. 21]. Counsel seeks the payment of attorney fees in the amount of $9,000.00. For the reasons set forth below, Counsel's motion is **GRANTED**.

## **BACKGROUND**

On June 27, 2011, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, and a Title XVI application for supplemental security income benefits, alleging disability beginning November 1, 2010. See Doc. No. 18. On May 17, 2013, the Administrative Law Judge ("ALJ") issued a written decision finding Plaintiff not disabled and denied benefits. Id. Plaintiff appealed the denial of benefits to this Court.

1

On March 31, 2016, this Court vacated the ALJ's decision and remanded the case back for further proceedings. Id. On remand, the Commissioner issued a decision approving Plaintiff's application for benefits and indicated the retroactive benefits totaled $65, 004.00. See Doc. No. 21–1, ¶ 4. The Commissioner has withheld $16,251.00, or 25%, from Plaintiff's past due benefits in order to pay Counsel. In support of his motion, Counsel declared he expended a total of 32.9 hours of attorney time working on this case. Additionally he provided the Court with the contingency fee agreement and information pertaining to the average and median hourly rates that attorneys charge in the California region. Id. at ¶¶ 5, 9. The Commissioner filed a response to Counsel's motion wherein no position was taken as to whether the gross fee Counsel is requesting is reasonable. See Doc. No. 22.

## **LEGAL STANDARD**

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant ... who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b); see also Gisbrecht v. Barnhart, 535 U.S. at 789 (2002). In determining an award under section 406(b), courts first look to the contingency fee agreement, then test it for reasonableness. Id. at 808. To aid the court in assessing reasonableness, the court may require the claimant's attorney to submit a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for non-contingent-fee cases. Id.

\\
\\
\\

14-cv-2229-JAH-WVG

# DISCUSSION

### a. Contingency Fee Agreement

On August 28, 2014, Plaintiff and Counsel entered a contingency fee agreement. See Doc. No. 21-2. Plaintiff agreed that Counsel's fee would be "25% of the back pay awarded upon reversal of any unfavorable ALJ decision for work before the court." Id. There is no evidence the fee agreement was entered into involuntarily, or that the agreement benefits the attorney more than the client. Counsel's request of $9,000.00 is notably less than the 25% of back pay agreed to in the contingency agreement and set aside by the Social Security Administration. The requested amount does not exceed the 25% limit imposed by 42 U.S.C. § 406(b).

### b. Reasonableness

In Gisbrecht, the Supreme Court directed lower courts to consider "the character of the representation and the results the representative achieved" to determine "reasonableness." Gisbrecht, 535 U.S. at 808. A court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case. Id.; see also Crawford v. Astrue, 586 F.3d 1142, 1151 (9th Cir. 2009). Here, Counsel seeks a fee of $9,000.00 of the past-due benefits paid or payable to Plaintiff. The Social Security Administration calculates Plaintiffs past-due benefits at $65,004.00. See Doc. No. 21–1, ¶ 4. In using the reasonableness test laid out in Gisbrecht, there is no evidence to indicate Counsel's representation was inadequate or insufficient. On the contrary, the case was decided in favor of Plaintiff and was remanded for the eventual awarding of benefits. Additionally, there is no evidence that suggests any delay on Counsel's part. Regarding the last factor, Counsel is asking for $9,000 out of the $65,004.00 that was awarded to Plaintiff for past due benefits, which is far less than the 25% percent restriction. Counsel declared he spent 39.9 hours working on Plaintiff's case. This equates to Counsel charging approximately $225.56 per hour, which is far less than the $439 per hour rate that the average attorney charges in the California region. See Doc. No. 21–7. Therefore, this Court determines that Counsel's rate is reasonable.

Accordingly, **IT IS HEREBY ORDERED**:

1. Counsel's Motion for Attorney Fees is **GRANTED**;
2. The Commissioner is **ORDERED** to pay the Law Offices of Lawrence D. Rohlfing $9,000.00; and
3. The hearing scheduled for **January 29, 2018**, before this Court, is **VACATED**.

**IT IS SO ORDERED.**

DATED: January 16, 2018

_____
JOHN A. HOUSTON
United States District Judge